UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

     Plaintiff,                           Case No. 3:26-cr-62

vs.

VICTOR CORONADO-HERNANDEZ,       District Judge Michael J. Newman

     Defendant.

---

### PROTECTIVE ORDER

---

Pursuant to Federal Rule of Criminal Procedure 16(d)(1), for good cause shown, the Court hereby **GRANTS** the unopposed motion of the Government for entry of a Protective Order (Doc. No. 16), and it is hereby **ORDERED** as follows:

1.     All discovery materials and information produced or provided by the Government to defense counsel in whatever form (the "Discovery Materials") are presumptively governed by this Protective Order, subject to further agreement of the parties or order of the Court.

2.     Defendant and defense counsel may use the Discovery Materials solely in the defense of this case and for no other purpose.

3.     Defendant and defense counsel will not disclose the Discovery Materials or the information contained in the Discovery Materials directly or indirectly to any person or entity except: attorneys, support staff, or investigators who are assisting in the defense; potential experts; or such other persons as to whom the Court may subsequently authorize disclosure upon motion by Defendant (collectively, "Authorized Individuals").

4.      Upon disclosing information contained in the Discovery Materials to an Authorized Individual, Defendant and defense counsel must provide the Authorized Individual with a copy of this Order.  Any such Authorized Individual will be subject to the same obligations imposed upon defense counsel under this Order.

5.      All video and audio recordings produced by the Government in discovery shall be designated, by default, as "Highly Sensitive."  In addition, to the extent that any other Discovery Materials depict confidential informants, undercover law enforcement officers, or third parties, the Government may designate such materials as Highly Sensitive.  Defense counsel shall retain the right to challenge the designation of any particular item of discovery as being Highly Sensitive, although defense counsel shall be required to treat such material as Highly Sensitive pending the outcome of the challenge.

6.      Defendant shall not possess any Highly Sensitive materials, or copies thereof, outside the presence of defense counsel or a member of defense counsel's staff.  For avoidance of doubt, Defendant may review Highly Sensitive materials in the presence of defense counsel or a member of defense counsel's staff, but Defendant may not otherwise possess or retain copies of Highly Sensitive materials.  Copies of Highly Sensitive materials may not be left with Defendant for Defendant's independent review.

7.      At the conclusion of this case, Defendant and defense counsel shall destroy, or return to the Government, any Discovery Materials.

8.      Defense counsel shall inform Defendant of this Protective Order and its provisions and direct Defendant not to disclose or use any information contained in the Discovery Materials in violation of this Order.

2

9.      Nothing contained in this Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

10.      Per *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), no document may be filed under seal without the Court's prior approval as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  *See United States v. Campbell*, No. 1:19-cr-25, 2021 WL 1975319 *3 (S.D. Ohio May 5, 2021) (*Shane Group* requirements apply in criminal cases).

**IT IS SO ORDERED.**

July 24, 2026                                   s/Michael J. Newman
                                               Hon. Michael J. Newman
                                               United States District Judge

3